**UNITED STATES of America,**
**Plaintiff,**

v.

**Lila L. EKLUND et al., Defendants.**

**No. P–CIV–73–85.**

United States District Court,
S. D. Illinois, N. D.

Jan. 14, 1974.

Joseph Lanuti, Ottawa, Ill., for Ivan Moore.

Baymiller & Christison, Peoria Ill., for Hunter, Doherty & Co.

## OPINION AND ORDER

ROBERT D. MORGAN, Chief Judge.

This is an action by the United States, for and on behalf of the Small Business Administration (hereinafter SBA), to foreclose a mortgage lien on two parcels of real estate, one of which is owned by defendant Eklund & McFarlane Construction Co., and the other of which is owned by defendants Glenn H. Eklund and Lila L. Eklund, his wife. Also joined as defendants are nine named mechanics lienors, each of whom has recorded a lien on one or the other of the above-mentioned parcels of land, as well as any unknown persons who claim an interest in said realty. Harold L. Simkins, as Trustee, under each of two trust deeds covering said parcels of real estate, is further named as a defendant to this action.

Jurisdiction is found in Title 28, Section 1345, of the United States Code.

The case is now before the court on plaintiff's motion for a judgment on the pleadings. Said motion is directed at defendants Charles Allen, Joseph Allen, and Joseph Allen, Jr., doing business as Allen Lumber Co. and Allen Kitchen Mart,[1] Ivan J. Moore, and Hunter, Doherty & Company, all of whom are mechanics lienors. The motion is considered without oral hearing under local rule 12(b).

The defendants Miller Sheet Metal, Inc. and Western Land and Gravel Company have filed Answers after the return date of the summons served on said corporations, and in their Answers allege that their mechanics liens are superior to the interest of the United States of America. It is admitted that these mechanics liens were recorded on February 5, 1973, and March 14, 1973, respec-

Donald B. Mackay, U. S. Atty., Springfield, Ill., Max J. Lipkin, Asst. U. S. Atty., Peoria, Ill., for plaintiff.

Watts C. Johnson, Princeton, Ill., for Joseph D. Allen, Charles L. Allen and Joseph Allen, Jr.

Herbolsheimer & Lannon, LaSalle, Ill., for Miller Sheet Metal, Inc. and The Western Sand & Gravel Co.

---

1. Plaintiff's motion does not actually name Joseph Allen. Presumably, his name was inadvertently omitted from the motion. In any event, the order issued herein shall ap-

ply to any lien on the property in question claimed by any of the three Allens who have done business as Allen Lumber Co. and Allen Kitchen Mart.

tively. These two Answers are clearly subject to the same Motion for Judgment on the Pleadings as are the Answers of the other defendants mentioned above. Accordingly, this matter will be considered as if such a motion had been actually filed after the answers of these two tardy defendants. Order of default has heretofore been entered with respect to the other defendants.

It is undisputed that on August 2, 1971, the First National Bank of Peru, Illinois, made a loan in the principal amount of $350,000 to Eklund & McFarlane Construction Co., pursuant to a participation agreement between said bank and the SBA. In exchange, Eklund & McFarlane Construction Co. gave the bank a promissory note in the amount of the loan and secured it with a trust deed covering certain realty owned by the borrower.

In addition, as an inducement for making the loan, Glenn and Lila Eklund personally guaranteed repayment of the loan and jointly executed a promissory note in the amount of $25,000. To secure this note (as well as a second note in the principal amount of $10,000 which was executed individually by Glenn Eklund), Lila and Glenn Eklund executed a trust deed to Harold Simkins, as Trustee, conveying real estate described as follows:

Lot 3 in Century Oaks Subdivision to the City of Spring Valley, Bureau County, Illinois; *Except* the coal and other mineral underlying the surface of the land and all rights and easements in favor of the estate of said coal and minerals.

This trust deed, dated July 7, 1972, was properly recorded on July 17, 1972.

Thereafter, on February 24, 1973, the bank assigned all of the above-mentioned notes, guarantees, and trust deeds to the SBA. In the meantime, Hunter, Doherty & Company, and Charles Allen, Joseph Allen, and Joseph Allen, Jr., doing business as Allen Lumber Co. and Allen Kitchen Mart, Inc., recorded—on January 31, 1973 and February 20, 1973, respectively—mechanics liens on the above-described real estate. Ivan Moore filed a mechanics lien on the same property on May 1, 1973.

Defendants Eklund & McFarlane Construction Co., Glenn Eklund, and Lila Eklund are all in default on payments due under the promissory notes they executed. As a consequence, the maturity of said notes has been accelerated and this foreclosure action has been instituted.

The sole issue presented by the motion now before the court is a legal one, namely, whether the mortgage lien of the government is superior to the mechanics liens involved, or whether all or some of them are superior. It is the conclusion of this court that the lien held by the United States Government must be given priority over all of them, for the reasons set forth below.

■■ It is well settled that the relative priority of any lien competing with a lien held by the federal government is to be determined by federal law. United States v. Acri, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264 (1955). Where, as here, there is no controlling federal statute, federal common law must be applied.

■ The governing principle of that common law is that the lien "first in time, first in right." United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954); United States v. County of Iowa, 295 F.2d 257 (CA 7 1961). For purposes of this rule, a lien attaches or becomes choate for purposes of determining priority when the identity and amount of the lien becomes certain and the property to which it attaches is identified.

■ In the instant case, the defendants' liens as mechanics or materialmen attached at the time of their respective recordations, which in each case was subsequent to the time of recording the mortgage lien now held by the government. Any contention that the government's lien did not attach until the date on which the bank assigned the trust deed and promissory notes to the SBA (February 24, 1973) must fail. It is

clear that the bank's prior recordation gave constructive notice of the existence and extent of the mortgage lien. It is this court's conclusion that the mortgage lien of the federal government, as assignee, has priority over all of the mechanics liens referred to herein, even though several were of record prior to the assignment to SBA and even though the assignor might not have had such priority under controlling law. *See* United States v. Emory, 314 U.S. 423, 62 S.Ct. 317, 86 L.Ed. 315 (1941), and United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940).

Accordingly, it is ordered that plaintiff's motion for judgment on the pleadings is allowed as to each and all of the following named defendants: Charles Allen, Joseph Allen, and Joseph Allen, Jr., doing business as Allen Lumber Co. and Allen Kitchen Mart, Ivan J. Moore, Hunter, Doherty & Company, Miller Sheet Metal, Inc., and Western Sand and Gravel Company.

It is further ordered that the mortgage lien rights of the plaintiff herein in the subject property are declared to be superior to any and all rights of any defendant, either asserted herein or abandoned by default, and that judgment shall enter accordingly in favor of the plaintiff and against defendants.