28 June 2000

No. 2--99--0933 & 2--99--1377 cons. 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

FEDERAL NATIONAL MORTGAGE ) Appeal from the Circuit Court

ASSOCIATION, ) of Kane County.

)

Plaintiff and )

Counterdefendant
-Appellee, )

)

v. ) No. 98--CH--0702  

)

) 

DALE D. KUIPERS; BEVERLY G. )

KUIPERS;
 KANE COUNTY BANK
 AND
 )

TRUST
 COMPANY;
 UNKNOWN 
TENANTS;
 )

UNKNOWN OWNERS
 AND
 NON
RECORD
 )

CLAIMANTS, )

)

Defendants )

) 
Honorable

(Lisa R. Fortney, Defendant and ) 
R. Peter Grometer,

Counterplaintiff-Appellant). ) Presiding. 

_________________________________________________________________

 

JUSTICE GEIGER delivered the opinion of the court:

This appeal arises from a dispute concerning lien priority in a mortgage foreclosure proceeding.  The issue is whether an assignee of a priority mortgage may maintain that priority position over a judgment creditor without recording the assignment of mortgage.

On July 24, 1994, Dale Kuiper and Beverly Kuiper executed a note and mortgage for the sum of $100,000 in favor of Medallion Mortgage Company (Medallion).  The note and mortgage were filed with the Kane County recorder's office on August 1, 1994.  Pursuant to their terms, the note and mortgage were assignable to third parties.  On August 3, 1994, Medallion assigned the note and mortgage to the counterdefendant, Federal National Mortgage Association (FNMA).

On July 26, 1996, the counterplaintiff, Lisa Fortney, had  obtained a judgment against the Kuipers in the amount of $650,000.  Fortney recorded a memoranda of judgment with the Kane County recorder's office on June 25, 1997.

On September 8, 1998, FNMA filed this foreclosure action after the Kuipers defaulted on the note.  In its foreclosure complaint, FNMA alleged that Fortney's judgment lien was inferior and subordinate to FNMA's first mortgage lien.  On October 2, 1998, FNMA recorded the assignment it had received from Medallion.

Fortney filed a counterclaim in the foreclosure, alleging that her judgment lien was recorded prior to the FNMA lien and, therefore, had priority.  Both Fortney and FNMA filed motions for summary judgment as to lien priority.  The trial court entered an order denying Fortney's motion and granting FNMA's motion, ruling that FNMA had first lien priority.

On appeal, Fortney argues that, because her judgment lien was recorded prior to the FNMA assignment, her lien takes priority.  Fortney argues that the transfer of the note and mortgage extinguished all of Medallion's interest and that FNMA did not stand in the shoes of Medallion with regard to lien priority.  According to Fortney, section 30 of the Conveyances Act (765 ILCS 5/30 (West 1996)) required FNMA to record the assignment in order to maintain priority as to any 
bona fide
 purchasers or creditors who filed liens against the property.

FNMA responds that the lien filed by Medallion has never been released and that the assignment did not operate to extinguish the lien.  Thus, FNMA reasons, it was not necessary for it to record the assignment in order to maintain first lien priority, as the original lien provided sufficient notice to third parties of the existence of the first mortgage.  FNMA further argues that, after the assignment, it stood in the shoes of Medallion.

We review the trial court's summary judgment order 
de novo
.  
Wiseman-Hughes Enterprises, Inc. v. Reger
, 248 Ill. App. 3d 854, 857 (1993).  A lien is a hold or claim that one party has on the property of another for a debt.  
Podvinec v. Popov
, 266 Ill. App. 3d 72, 77 (1994), 
rev'd on other grounds
, 168 Ill. 2d 130 (1995).  A lien that is first in time generally has priority and is entitled to prior satisfaction of the property it binds.  
Cole Taylor Bank v. Cole Taylor Bank
, 224 Ill. App. 3d 696, 704 (1992).

A mortgage is a type of consensual lien on real property.  See 735 ILCS 5/15-1207 (West 1996).  Specifically, it is an interest in land created by written instrument providing security in real estate to secure the payment of a debt.  
Resolution Trust Corp. v. Holtzman
, 248 Ill. App. 3d 105, 111 (1993).  
Under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15--1101 
et seq.
 (West 1996)), a mortgage lien is created upon the recording of the mortgage with the recorder of deeds.  See 735 ILCS 5/15-1301 (West 1996); see also 
Firstmark Standard Life Insurance Co. v. Superior Bank FSB
, 271 Ill. App. 3d 435, 439 (1995).

The perfection of mortgage liens is governed also by the Conveyances Act (765 ILCS 5/1 
et seq
. (West 1996)).   Section 28 of the Conveyances Act provides that deeds, mortgages, and other instruments relating to or affecting the title to real estate shall be recorded in the county in which such real estate is situated.  765 ILCS 5/28 (West 1996).  The purpose of this section is to give third parties the opportunity to ascertain the status of title to the property.  
Lubershane v. Village of Glencoe
, 63 Ill. App. 3d 874, 879 (1978).  The purchaser of real estate may rely on the public record of conveyances and instruments affecting title unless he has notice or is chargeable with notice of a claim or interest that is inconsistent with the record.  
Bullard v. Turner
, 357 Ill. 279, 283 (1934).

Section 30 of the Conveyances Act provides as follows: 

"All deeds, mortgages and other instruments of writing which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers, without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, without notice, until the same shall be filed for record."  765 ILCS 5/30 (West 1996).

The purpose of this section is to protect subsequent purchasers against unrecorded prior instruments.  
Farmers State Bank v. Neese
, 281 Ill. App. 3d 98, 106 (1996).  A presumption exists that the first mortgage recorded has priority.  
Firstmark
, 271 Ill. App. 3d at 439.  An unrecorded interest in land is not effective as to a 
bona fide
 purchaser without notice.  
Schaumburg State Bank v. Bank of Wheaton
, 197 Ill. App. 3d 713, 720 (1990).  However, where a party has constructive notice of a prior interest in real estate, the failure to record is not necessarily fatal to the rights of the prior interest holder.  See 
Dana Point Condominium Ass'n, Inc. v. Keystone Service Co.
, 141 Ill. App. 3d 916, 922 (1986).

When a mortgage debt is satisfied, the mortgagee or its assignee must file a release of the mortgage lien.  See 765 ILCS 905/2 (West 1996).  Section 2 of the Mortgage Act provides that a mortgage may be released only pursuant to this method.  765 ILCS 905/2 (West 1996).  Until such release is filed, the mortgage lien remains in effect.

The assignment of a mortgage note carries with it an equitable assignment of the mortgage by which it was secured.  
Inland Real Estate Corp. v. Oak Park Trust & Savings Bank
, 127 Ill. App. 3d 535, 542 (1983); see also 
Moore v. Lewis
, 51 Ill. App. 3d 388, 391-

92 (1977) (a mortgage, which is a mere incident to a debt, is not assignable at law, and the transfer of the debt carries with it the mortgage security).  The assignee stands in the shoes of the assignor-mortgagee with regard to the rights and interests under the note and mortgage.  
Community Bank v. Carter
, 283 Ill. App. 3d 505, 508 (1996).

Fortney argues that 
Farmers State Bank v. Neese
, 281 Ill. App. 3d 98 (1996), directly controls the outcome of this case.  For the reasons that follow, we believe that 
Neese
 does not squarely address the issue of whether the assignee stands in the assignor-

mortgagee's shoes with regard to rights under the mortgage lien.

In 
Neese
, the defendants had entered into an installment contract for the sale of real estate in July 1989.  In November 1989, they obtained a loan from the plaintiff and assigned their interest in the contract as part of the security for the loan.  In July 1991, the Internal Revenue Service (IRS) filed a notice of tax lien against the defendants with the recorder of deeds.  In June 1992, the plaintiff recorded the assignment and the contract with the recorder of deeds.

In July 1994, the plaintiff instituted foreclosure proceedings.  In November 1994, the plaintiff paid the balance due under the July 1989 installment contract due to the defendants' default. Following the foreclosure sale, the trial court first allocated to the plaintiff the amounts it paid to satisfy the July 1989 installment contract.  The trial court ruled that, with regard to the remaining proceeds, the IRS lien would take priority over the lien created when the plaintiff recorded in June 1992 the assignment of rights under the installment contract.

On appeal, the plaintiff argued that, because its loan predated the notice of tax lien, it took priority over the IRS.  The plaintiff reasoned that neither the contract for deed nor the assignment was required to be recorded because they did not fall within the ambit of the Conveyances Act.  The court disagreed and held that the taking of an assignment of a contract for deed is a conveyance of a property interest and had to be recorded in order to provide notice to third parties.  Therefore, the court held that, even though the plaintiff had extended the loan in November 1989, the IRS lien recorded in July 1991 took priority.  
Neese
, 281 Ill. App. 3d at 104.

Neese
 is inapposite to the present case because in 
Neese
 it was not alleged that a lien on the property was perfected when the installment contract was executed in July 1989.  When the plaintiff took the assignment from the defendants in November 1989, it was not taking lien rights established under section 15--1301 of the Illinois Mortgage Foreclosure Law or the Conveyances Act, because the defendants had not perfected any lien rights pursuant to either statute.  When the defendants transferred their interests under the contract in November 1989, they were transferring a property interest that was enforceable solely against the original seller.  At that point, it was up to the plaintiff to record the contract and the assignment to perfect the lien, which would have provided notice to third parties of the rights created under those documents.  We disagree with Fortney's assertion that 
Neese
 stands for the proposition that an assignment of a mortgage must be recorded in order to preserve a mortgage lien that has already been perfected and its corresponding priority position.

We agree with FNMA's argument that the reasoning in 
Carter
 is more applicable to the present case.  In 
Carter
, Community Bank had obtained a judgment of foreclosure against the defendant-mortgagor in September 1993 and, in November 1993, assigned the note and mortgage at issue in the foreclosure to Imperial Fund.  In January 1994, the property at issue was damaged in a fire.  The property was covered by an insurance policy that named Community Bank as the mortgagee.  In March 1994, Imperial Fund assigned the note and mortgage to T. Miller, Inc. (Miller).  At issue on appeal was whether the defendant-mortgagor or Miller was entitled to the insurance proceeds.

Miller argued on appeal that the assignment of the mortgage debt resulted in an assignment of the right to the insurance proceeds.  The defendant-mortgagor countered that, once Community Bank sold the note and mortgage, it no longer had an insurable interest in the property and, therefore, neither Imperial nor Miller had a right to the insurance proceeds.  The court first noted that Miller stood "in the shoes of Imperial Fund, which stood in the shoes of the original mortgagee, Community Bank, and would have all of the rights, titles and interests of the original mortgagee."  
Carter
, 283 Ill. App. 3d at 508.  The court then held that the assignments of the mortgage did not extinguish the mortgage debt and, therefore, the assignees acquired the same rights and interests as the original mortgagee, including the right to collect under the insurance policy.  
Carter
, 283 Ill. App. 3d at 510.

Just as the court in 
Carter
 held that, along with the assignment of the debt, the original mortgagee transferred to the assignee its rights under the insurance policy, we believe that, in this case, Medallion transferred to FNMA its right to enforce the mortgage lien.  The mortgage lien was created by agreement between Medallion and the Kuipers, and perfected on August 1, 1994, by recording with the Kane County recorder of deeds.  The mortgage lien acted to secure payment of the mortgage debt.  Moreover, the mortgage specifically provided that it was assignable.

Henceforward from August 1, 1994, third parties examining chain of title to the real estate were put on notice of the existence of the debt and of the lien on the real estate.  Because no release of lien had been filed, pursuant to section 2 of the Mortgage Act, there was no indication to third parties that the lien was ever extinguished. See 765 ILCS 905/2 (West 1996).

That lien was still in effect when Medallion assigned the note and mortgage to FNMA on August 3, 1994.  Contrary to Fortney's suggestion, that assignment did not result in the creation of either a new lien that required recording or a new priority position.  Rather, the original lien and priority position remained, and FNMA received the right to enforce the lien via the assignment.  Fortney complains that FNMA cannot stand in the shoes of Medallion and that the assignment conveyed solely the right to collect the payments.  It is well settled, however, that the assignee of the mortgagee stands in the shoes of the mortgagee.  See 
Carter
, 283 Ill. App. 3d at 508. That basic proposition, coupled with the fact that a perfected mortgage lien remains in effect unless released pursuant to the Mortgage Act, leads us to the conclusion that a perfected mortgage lien and priority position survive the assignment of a note and mortgage.  The eradication of the ability of a mortgagee to transfer its rights to enforce a mortgage lien would result in undesirable consequences to the mortgage consumer and would not reflect the intent and agreement of the parties at the time the mortgage lien was created.

We are unpersuaded by Fortney's argument that section 30 of the Conveyances Act mandates that the assignment must be recorded to preserve the lien and priority position.  Section 30 merely provides that, as to third parties who did not have notice of the mortgage, the effective date of the mortgage lien is the date of recording.  765 ILCS 5/30 (West 1996).  The effective date of the mortgage lien in this case was August 1, 1994, and there is nothing in section 30 that suggests that the subsequent assignment had to be recorded in order for the mortgage lien or priority position to survive.  Indeed, such a reading of section 30 would directly contravene section 2 of the Mortgage Act as it relates to releases of mortgage liens.  The purpose of section 30 is to provide notice to third parties who otherwise do not have notice of the mortgage interest, and Fortney's interpretation of section 30 does not reflect that purpose (See 
Neese
, 281 Ill. App. 3d at 106).  Moreover, to deem the failure to record an assignment as somehow affecting the perfection or the validity of the lien or the priority position would not be in accordance with the clear definition of a mortgage lien or the purpose behind the recording requirement.

We hold that, absent the recording of a release of lien in accordance with section 2 of the Mortgage Act, the assignee of a mortgage is entitled to any priority position established by the original mortgagee, up to the principal amount that the mortgage secured at the time of perfection.  While an assignee that fails to record an assignment may find itself in the unenviable situation of having its lien extinguished as an "unknown owner and nonrecord claimant" in a mortgage foreclosure, the mere failure to record the assignment does not, by itself, extinguish the mortgage lien or negate the priority position.  In addition, nothing in our holding modifies in any way the ability to extinguish the original mortgage lien.  Thus, absent the application of subrogation, the mortgage lien clearly will be extinguished if an assignor files a release of lien prior to the recording of an assignment.

We note that our holding is consistent with case law concerning priority positions of renewal notes and mortgages.  A renewal note and mortgage do not ordinarily operate as payment  and in discharge of an original note for purposes of determining whether the renewal note maintained priority position.  
State Bank v. Winnetka Bank
, 245 Ill. App. 3d 984, 991 (1993). 
 In cases of a dispute concerning priority when the original note and mortgage are renewed, the court looks to the intent of the parties in determining whether the renewal extinguishes the original mortgage lien.  
Winnetka Bank
, 245 Ill. App. 3d at 991.  In 
Winnetka Bank
, the court was persuaded that the mortgage lien survived the renewal of the original mortgage and the tender of an additional loan because there was no evidence that the original mortgage was ever canceled or released.  See 
Winnetka Bank
, 245 Ill. App. 3d at 991.

Our holding is also supported by case law from other jurisdictions.  We note that the court in 
United States v. Eklund
, 369 F. Supp. 1052 (S.D. Ill. 1974), addressed precisely the same questions as in the present case.  At issue in 
Eklund
 was whether intervening mechanics liens would receive priority over a mortgage lien held by the Small Business Administration, which had taken an assignment from a mortgagee bank after the mechanics liens had been recorded.  The court held that the recordation by the original mortgagee bank was sufficient to provide notice of the mortgage lien and rejected the argument that the government's lien did not attach until the date on which the bank assigned the mortgage.  
Eklund
, 369 F. Supp. at 1054-55.

Other jurisdictions have held under their respective state laws that an assignment of a mortgage does not affect its priority.  See 
Progressive Consumers Federal Credit Union v. United States
, 79 F.3d 1228, 1238 (1st
 Cir. 1996) (noting that it is "hornbook law" that a mortgage assignee succeeds to all of the assignor's rights, power, and equities and holding that, consistent with Massachusetts case law, the assignee could assert any equitable rights and defenses that the original mortgagor could have asserted before it assigned the mortgage); see also 
Bank Western v. Henderson
, 255 Kan. 343, 348, 874 P.2d 632, 636 (1994).

The United States Bankruptcy Court for the District of Massachusetts noted in 
In re Ivy Properties, Inc.
, 109 B.R. 10, 14 (D. Mass. 1989), that under Massachusetts law, the assignment of a debt carries with it the underlying mortgage.  Therefore, a separate mortgage assignment was not necessary to assign the mortgage interest.  In holding that the recording of mortgage assignments was unnecessary, the court succinctly explained, "[t]he 
raison d'etre
 of a security interest is the obligation which it is intended to secure.  The security interest is meaningless unless held by the party also holding the obligation.  Thus the security must necessarily be held for the benefit of the assignee of the debt."  
Ivy Properties
, 109 B.R. at 14.

We believe the very same reasoning applies to the present case.  As in Massachusetts, in Illinois, the assignment of the mortgage note is sufficient to transfer the underlying mortgage.  See 
Inland
, 127 Ill. App. 3d at 542.  Because the assignment of the debt, with nothing more, is sufficient to preserve the mortgage lien, it cannot follow that the lien is somehow extinguished for the failure to record the assignment.  Therefore, we are persuaded that the mortgage lien and priority position inure to the benefit of the assignee and that recording the assignment is unnecessary to preserve the security for the debt.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

COLWELL and RAPP, JJ., concur.