# Illinois Official Reports

## Appellate Court

---

### *OneWest Bank FSB v. Cielak*, 2016 IL App (3d) 150224

---

| | |
|---|---|
| Appellate Court Caption | ONEWEST BANK FSB, Plaintiff-Appellee, v. MICHAEL CIELAK, JEAN CIELAK, a/k/a, Jean C. Cielak, UNKNOWN OWNERS, and NONRECORD CLAIMANTS, Defendants-Appellants. |
| District & No. | Third District<br>Docket No. 3-15-0224 |
| Filed<br>Rehearing denied | August 31, 2016<br>October 13, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 09-CH-01236; the Hon. Daniel Rippy, the Hon. Thomas A. Thanas, and the Hon. Richard J. Seigel, Judges, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Dennis R. Bordyn, of Bordyn Law Offices, P.C., of Downers Grove, for appellants.<br><br>Ronald A. Damashek and Melissa J. Lettiere, of Stahl, Cowen, Crowley & Addis, LLC, and Todd A. Gale and Kevin Connor, of Dykema Gossett PLLC, both of Chicago, for appellee. |

Panel            JUSTICE McDADE delivered the judgment of the court, with opinion.

Presiding Justice O'Brien and Justice Wright concurred in the judgment and opinion.

## OPINION

¶ 1      Defendants, Michael and Jean Cielak (the Cielaks), appeal from a judgment of foreclosure. The Cielaks argue that the trial court erred in finding the mortgage valid, considering plaintiff OneWest Bank FSB's (OneWest) renewed motion to strike, and finding OneWest had standing to bring the foreclosure action. We affirm.

¶ 2                                  FACTS

¶ 3      On April 3, 2006, the Cielaks purchased a home in Bolingbrook, Illinois. The Cielaks acquired the real estate as tenants by the entirety and occupied the property continuously as their marital residence.

¶ 4      On June 3, 2008, Michael signed a promissory note with a principal amount of $275,674 due to IndyMac Bank FSB (IndyMac). Jean did not sign the note. On the same day, the Cielaks executed a mortgage against their interest in the real estate to secure payment of the loan. Unlike the note, both Jean and Michael signed the mortgage.

¶ 5      On March 3, 2009, IndyMac filed a complaint to foreclose mortgage against the Cielaks. The complaint alleged that Michael defaulted in his obligations under the note by failing to pay the required monthly installments. The complaint sought to enforce the rights of IndyMac by foreclosing the interests of the Cielaks in the real estate.

¶ 6      On July 28, 2009, IndyMac moved to substitute OneWest as plaintiff. The record on appeal does not include a written order granting the motion, but the proceedings continued in the name of OneWest.

¶ 7      On December 26, 2012, OneWest filed an amended complaint. The amended complaint included a copy of the note signed by Michael. The note was stamped as a certified copy of the original and rubberstamped indorsed in blank by IndyMac. The amended foreclosure complaint also included a copy of the mortgage signed by Jean and Michael.

¶ 8      The Cielaks answered the amended complaint and raised two affirmative defenses. The first affirmative defense alleged the mortgage could not be foreclosed as to Jean's interest in the property because only Michael signed the note and the Cielaks owned the property in a tenancy by the entirety. The second affirmative defense alleged that the copy of the note attached to the amended complaint did "not comply with the requirements of the Illinois Mortgage Foreclosure Act 735 ILCS 5/15-1506(b)."

¶ 9      OneWest filed a motion to strike the Cielaks' affirmative defenses. OneWest attached another copy of the note to the motion to strike. Unlike the version of the note attached to the amended complaint, the blank indorsement on the note attached to the motion was stricken through and marked void and included two undated and detached allonges.

¶ 10      On December 11, 2013, the trial court considered OneWest's motion to strike as to the Cielaks' first affirmative defense (alleging the property could not be foreclosed against Jean's interest because only Michael signed the note). After hearing the parties' arguments, the trial court denied, without prejudice, OneWest's motion to strike the first affirmative defense. The

trial court allowed OneWest 35 days to answer or otherwise plead. In its ruling, the trial court told counsel for OneWest that counsel could amend the motion to strike the first affirmative defense to better address the legal aspects of the argument. OneWest was also given 35 days to obtain an affidavit explaining why the version of the note attached to the motion to strike had a void mark on the blank indorsement. The trial court continued the matter and took OneWest's motion to strike the second affirmative defense under advisement.

¶ 11    On January 14, 2014, OneWest filed a renewed motion to strike the Cielaks' first affirmative defense. In the motion, OneWest argued that Michael's indebtedness under the note was sufficient consideration for Jean's mortgage grant to be effective. The motion further argued that Jean granted a consensual lien on her interest in the property when she signed the mortgage. Thus, even though the Cielaks owned the property as tenants by the entirety, OneWest could foreclose on the mortgage.

¶ 12    On the same day OneWest filed its renewed motion to strike, it also filed the affidavit of one of its employees explaining how OneWest came into possession of the note. According to the affidavit, OneWest serviced the loan that is secured by the Cielaks' real estate. OneWest came into possession of the note by way of purchase of assets from the Federal Deposit Insurance Corporation (FDIC) as receiver for IndyMac. The bill of sale attached to the affidavit indicated that on March 19, 2009 (before filing the amended complaint), OneWest purchased the assets of IndyMac.

¶ 13    Upon hearing argument, the trial court granted OneWest's motion and struck the Cielaks' first affirmative defense. The trial court also held a hearing on OneWest's motion to strike the Cielaks' second affirmative defense. The second affirmative defense attacked the adequacy of the note attached to the amended complaint and challenged OneWest's standing to bring the foreclosure action. Ultimately, the trial court found that OneWest had standing to bring the foreclosure complaint and granted OneWest's motion to strike the second affirmative defense.

¶ 14    On August 6, 2014, OneWest moved for summary judgment. The Cielaks did not respond to the motion, and the trial court granted summary judgment in OneWest's favor. OneWest moved for an order confirming the sale of the foreclosed property. The Cielaks filed a motion to deny confirmation of the sale. The motion to deny confirmation of the sale raised the same argument made in the Cielaks' second affirmative defense that OneWest lacked standing. The trial court denied the Cielaks' motion finding the issue had already been resolved when the trial court struck the second affirmative defense.

¶ 15                                    ANALYSIS

¶ 16    On appeal, the Cielaks argue that the trial court erred in (1) finding OneWest could foreclose the mortgage against Jean's interest in the real estate, (2) considering OneWest's renewed motion to strike the Cielaks' first affirmative defense, and (3) finding OneWest had standing to foreclose the mortgage. We discuss each contention in turn.

¶ 17                        I. Jean's Interest in the Real Estate

¶ 18    The Cielaks argue that the judgment against Michael for defaulting in his obligations under the note cannot be enforced by foreclosing Jean's interest in the real estate. Specifically, they argue the mortgage is invalid because Jean did not sign the note and the property is held in a tenancy by the entirety.

¶ 19    The Cielaks initially contend that for a mortgage to be valid there must be an underlying debt. According to the Cielaks, there is no underlying debt supporting Jean's grant of a mortgage lien because only Michael signed the note secured by the mortgage. Stated differently, because Jean is not personally liable under the note, the Cielaks argue that Jean's grant of a mortgage lien is invalid.

¶ 20    A mortgage is a consensual lien on real property owned by another party. *Federal National Mortgage Ass'n v. Kuipers*, 314 Ill. App. 3d 631, 634 (2000). The lien secures the payment of a debt. *Id*. In the present case, Michael received a loan (memorialized by the note) in return for the Cielaks' grant of a mortgage lien in their real estate to secure payment of the loan. The loan to Michael is the underlying debt secured by the mortgage executed by the Cielaks. The mere fact that only Michael signed the note governing the loan does not invalidate the note or mortgage. "[I]t is not uncommon for notes and the corresponding mortgages securing them to be executed by different parties." *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 17; see also *State Bank of Geneva v. Sorenson*, 167 Ill. App. 3d 674, 684 (1988). A review of the corresponding note and mortgage reveals that the documents were signed together, executed contemporaneously, and intended to complement each other. See *17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 17. Consequently, we find the mortgage is valid.

¶ 21    Next, the Cielaks contend that OneWest cannot foreclose on the mortgage because the Cielaks owned the real estate as tenants by the entirety. The Cielaks claim that their ownership of the real estate as tenants by the entirety precludes foreclosure of the mortgage because Jean is not personally liable for the debt.

¶ 22    Real estate held as tenants by the entirety protects a spouse against having his or her homestead property sold to satisfy the individual debts of the other spouse. 735 ILCS 5/12-112 (West 2012). However, "where both spouses are judgment debtors, borrowers or guarantors, their real estate is not protected from judgment based on their ownership as tenants by the entirety." *Marquette Bank v. Heartland Bank & Trust Co.*, 2015 IL App (1st) 142627, ¶ 12. Here, the Cielaks granted a consensual lien on their real estate by mortgaging their property to secure payment of the loan to Michael. Because both are obligated under the lien, their real estate is not protected by their ownership of the property as tenants by the entirety. See *id*.

¶ 23    The Cielaks insist that this conclusion defeats the protections of a tenancy by the entirety. However, the Cielaks' argument ignores the fact that Jean signed the mortgage, knew the amount owed under the note, and consented to creating a lien on the real estate to secure the payment of the loan. Tenancy by the entirety ownership "protects an innocent spouse from losing the marital home because of the individual debts of his or her spouse." *Id*. That is not the case here. Again, the Cielaks jointly agreed to grant a lien on their home when they signed the mortgage.

¶ 24                    II. OneWest's Renewed Motion to Strike

¶ 25    Next, the Cielaks argue that the trial court erred when it considered OneWest's renewed motion to strike the first affirmative defense. For clarity, we note that the Cielaks' first affirmative defense raised the same substantive issues discussed above (*supra* ¶¶ 19-23)—that is, the mortgage cannot be foreclosed against Jean's interest in the property because only Michael signed the note. The Cielaks argue that the issue had been decided when the trial court denied OneWest's motion to strike. We summarily reject the Cielaks' argument. When the trial

- 4 -

court denied OneWest's motion to strike it did so without prejudice and granted OneWest leave to otherwise plead. Moreover, the trial court told counsel for OneWest that counsel could amend the motion to better address the legal aspects of the first affirmative defense. The renewed motion to strike cited new case law and presented more detailed analysis of the argument's legal aspects. Consequently, the trial court did not err in considering OneWest's renewed motion to strike the first affirmative defense.

¶ 26                                  III. OneWest's Standing

¶ 27     The Cielaks argue that OneWest lacked standing to foreclose on the mortgage. Specifically, the Cielaks contend that OneWest lacks standing because it only services the mortgage. The Cielaks also argue that OneWest fraudulently prepared the note to establish standing.

¶ 28     The doctrine of standing requires that a party have real interest in the action and its outcome. *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 23 (2004). An action to foreclose upon a mortgage may be filed by a mortgagee. *Deutsche Bank National Trust Co. v. Gilbert*, 2012 IL App (2d) 120164, ¶ 15. A mortgagee is defined as "(i) the holder of an indebtedness or obligee of a non-monetary obligation secured by a mortgage or any person designated or authorized to act on behalf of such holder and (ii) any person claiming through a mortgagee as successor." 735 ILCS 5/15-1208 (West 2012). To bring a foreclosure action, a party must have this status when the suit is filed and not later. *Gilbert*, 2012 IL App (2d) 120164, ¶ 15. "[L]ack of standing is an affirmative defense. A plaintiff need not allege facts establishing that he has standing to proceed. Rather, it is the defendant's burden to plead and prove lack of standing." *Wexler*, 211 Ill. 2d at 22.

¶ 29     In the present case, the note attached to the amended complaint is *prima facie* evidence that OneWest had standing as holder of the note indorsed in blank. *Bayview Loan Servicing, LLC v. Cornejo*, 2015 IL App (3d) 140412, ¶ 12. The attachment of a copy of the note to a foreclosure complaint is *prima facie* evidence that the plaintiff owns the note. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 24. Thus, to establish that someone other than OneWest was the true holder of the note, the Cielaks had the burden to produce evidence to support their contention. See *CitiMortgage, Inc. v. Sconyers*, 2014 IL App (1st) 130023, ¶ 12.

¶ 30     In an effort to meet their burden, the Cielaks contend that OneWest lacks standing because it "is only the servicer of the mortgage." However, the Cielaks' admission supports a finding that OneWest did have standing to bring the foreclosure action as a servicer of a mortgage. "An action to foreclose upon a mortgage may be filed by a mortgagee, *i.e.*, the holder of an indebtedness secured by a mortgage, *or by an agent or successor of a mortgagee*." (Emphasis added.) *Gilbert*, 2012 IL App (2d) 120164, ¶ 15. Thus, OneWest established two bases for standing to foreclose as both the holder of the note and servicer of the mortgage.

¶ 31     The Cielaks further challenge OneWest's standing by attacking the legitimacy of the note. The Cielaks highlight that, unlike the note attached to the amended complaint, the note attached to OneWest's motion to strike has been altered to show the blank indorsement as void and includes two detached and undated allonges. The Cielaks also emphasize that OneWest failed to provide an affidavit explaining the voided blank indorsement on the note attached to OneWest's motion to strike. According to the Cielaks, "[i]t is clear that the undated, unnotarized and otherwise unauthenticated allonges were fabricated by employees of the mortgage services, IndyMac and OneWest, to create the illusion that through documents

fraudulently prepared and signed by their own employees *** the Note had been endorsed over to them."

¶ 32   The Cielaks' above argument ignores the fact that OneWest presented an affidavit from its employee attesting that OneWest acquired IndyMac's assets, including the loan secured by the Cielaks' home, by way of purchase from the FDIC as receiver for IndyMac before OneWest filed the amended complaint. Moreover, OneWest presented the original note with the stricken blank indorsement and allonges to the trial court. *Sconyers*, 2014 IL App (1st) 130023, ¶ 11. The Cielaks, by contrast, offered no evidence to support their claim or to rebut the affidavit provided by OneWest. In short, the Cielaks' speculation as to the history of the note and the lack of an explanation for the voided blank indorsement does not establish OneWest lacked standing to file the amended foreclosure complaint. Again, it is the Cielaks' burden to produce evidence to support their affirmative defense. *Id.* ¶ 12 (to show another party other than plaintiff is the mortgagee of a note, defendants are obligated to present evidence to support their contention).

¶ 33                                CONCLUSION

¶ 34   The judgment of the circuit court of Will County is affirmed.

¶ 35   Affirmed.