2024 IL App (1st) 231273-U
No. 1-23-1273
Order filed June 28, 2024

Sixth Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17 CH 06338 |
| ROSIE M. GARCIA, | ) ) | The Honorable |
| Defendant-Appellant. | ) ) ) | James T. Derico, Jr. Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice Tailor concurred in the judgment.

**ORDER**

¶ 1 *Held*: Affirming judgment of foreclosure and order confirming judicial sale.

¶ 2 U.S. Bank, N.A. filed a mortgage foreclosure complaint against Rosie Garcia and her husband, Jose Garcia, after they became delinquent on their loan. The trial court granted U.S. Bank's motion for summary judgment against the Garcias and entered a judgment of foreclosure for U.S. Bank and an order confirming the sale of the property. Rosie Garcia appeals *pro se,* arguing the trial court erred by (i) not requiring U.S. Bank to file written responses to her motions, (ii) entering summary judgment against her because she signed the

mortgage but not the loan note, and (iii) failing to address her arguments based on "sovereign citizen" theories. We affirm. The trial court acted within its broad discretion by not requiring U.S. Bank to respond in writing to Garcia's motions and entering summary judgment as Garcia was liable on the mortgage she signed. Garcia's sovereign citizen arguments are without merit, so we do not address them.

¶ 3                                    Background

¶ 4        Jose Garcia took out a loan from Encore Credit Corporation, secured by a mortgage on his home in Olympia Fields. Jose signed the note and mortgage; his wife, Rose Garcia, signed the mortgage but not the note. U.S. Bank, N.A., as assignee of the mortgage, sued to foreclose when the Garcias failed to make timely payments. (Jose Garcia is not a party to this appeal.)

¶ 5        The Garcias filed a motion to dismiss, which the trial court denied. After U.S. Bank amended its complaint, the Garcias filed an answer and affirmative defenses. U.S. Bank filed an answer to the affirmative defenses and moved for summary judgment. Before the hearing on the motion for summary judgment, Sharon Renee-Lloyd filed multiple documents without obtaining leave, seeking to intervene as a "certified land patent holder communicating on behalf of the land," a theory espoused by the "sovereign citizen movement." The trial court continued the hearing on the summary judgment motion to review the newly filed documents. At the next hearing, the trial court entered summary judgment against the Garicas and a judgment of foreclosure for U.S. Bank and appointed a selling officer.

¶ 6        After the judgment, Renee-Lloyd filed several documents seeking to prove ownership of the property subject to the mortgage. The trial court treated the filings as a motion to reconsider and denied them. The court also barred Renee-Lloyd from filing additional documents. After

U.S. Bank submitted the winning bid at the judicial sale, the trial court confirmed the sale and entered a deficiency judgment.

¶ 7    Garcia filed multiple *pro se* motions seeking to vacate the judgment and to stay enforcement, citing Renee-Lloyd's purported interest in the property. The trial court denied all of her post-judgment motions.

¶ 8                                                    Analysis

¶ 9    Garcia's *pro se* brief asks that we "overturn the order in the Chancery Court and provide [her] with the benefit of the matter of [her] personal property," but she presents no substantive errors by the trial court to support her request. Garcia asserts the trial court made a procedural error by not requiring U.S. Bank to file written responses to her motion to dismiss and her post-judgment motions. Garcia cites section 2-603(b) of the Code of Civil Procedure (735 ILCS 5/2-603(b) (West 2022) for support, but that provision addresses the proper form of pleadings, not motions. Besides, a trial court has broad authority to manage its own affairs for the orderly and expeditious disposition of cases. *Palos Community Hospital v. Humana Insurance Co, Inc.*, 2021 IL 126008, ¶ 35. The trial court did not violate a statute or other authority and was acting within the bounds of its authority by not requiring U.S. Bank to respond in writing.

¶ 10    Garica further claims the trial judge was "practicing law from the bench" and advocating on behalf of U.S. Bank in violation of the Code of Judicial Conduct, which requires a judge to "perform the duties of judicial office, including administrative duties, without bias or prejudice" and not "engage in harassment." Illinois Code of Judicial Conduct, Canon 2, Rule 2.3 (eff. May 17, 2023). Garcia cites nothing in the record to support her assertion that the trial judge acted in the manner she alleges. See Supreme Court Rule 341(h)(7) (eff. Oct 1. 2020) (appellant's brief must include "[a]rgument, which shall contain the contentions of the

appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on."). Thus, we do not consider it.

¶ 11    Although not addressed in the argument section of her brief, Garcia suggests the trial court erred in entering summary judgment against her because she did not sign the note and only signed the mortgage. Again Garcia cites no authority to support her contention, as Rule 341(h)(7) requires. Further, the argument goes against established case law holding that a mortgage is a lien on property securing a debt (*OneWest Bank FSB v. Cielak*, 2016 IL App (3d) 150224, ¶ 20) and recognizing "it is not uncommon for notes and the corresponding mortgages securing them to be executed by different parties." *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 17. Moreover, contrary to Garcia's contention, nothing in the record suggests she presented the trial court with evidence, by "certified copy" or otherwise, of "satisfaction of the mortgage" on the property.

¶ 12    All of Garcia's other contentions are characteristic of "sovereign citizen" theories or suggest the trial judge erred by not addressing those theories. We have held those theories without merit (see *Parkway Bank v. Korzen*, 2013 IL App (1st) 130380 (holding that similar arguments are sanctionable)), nor do we find that the trial court erred by not addressing them.

¶ 13    Affirmed.