PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 98-5071

———————————————

D.C. Docket No. 96-8208-CIV-LCN
95-0577-BKC-PGH-A

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/20/99
THOMAS  K. KAHN
CLERK

IN RE: TAREK HALABI
a.k.a. Tito Halabi,

Debtor.

SONEET R. KAPILA,
Trustee in Bankruptcy,

Plaintiff-Appellant,

v.

ATLANTIC MORTGAGE AND INVESTMENT CORPORATION,
FEDERAL HOME LOAN MORTGAGE CORPORATION,

Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Southern District of Florida.

———————————————

**(August 20, 1999)**

Before BLACK and BARKETT, Circuit Judges, and CUDAHY*, Senior Circuit Judge.

———————————————

*Honorable Richard D. Cudahy, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

CUDAHY, Senior Circuit Judge:

Tarek Halabi owned real property in Palm Beach, Florida, which he mortgaged to Republic Savings Bank. Republic properly perfected the mortgage and note. Two years later, the mortgage and note were assigned to Farragut Mortgage Co., Inc. which recorded the assignment in the public records. On March 16, 1994, Farragut assigned the mortgage and note to Atlantic Mortgage & Investment Corporation. On June 24, 1994 – after the mortgage had been assigned to Atlantic but before Atlantic had recorded the assignment – Halabi filed for bankruptcy protection. Atlantic eventually recorded its assignment in the public records on August 11, 1994 and, thereafter, assigned the mortgage and note to Federal Home Loan Mortgage Corporation. Evidently there is no record of this last assignment.

The Bankruptcy Trustee, Soneet Kapila, obtained title to the real property by way of an adverse proceeding. On May 5, 1995, in an effort to quiet title to the property, the Trustee filed a complaint against several defendants, including Atlantic and Federal. The Trustee moved for summary judgment seeking a determination that any lien interest which Atlantic and Federal may claim was inferior by virtue of the "strong-arm" powers vested in the Trustee under 11 U.S.C. § 544. In addition, the Trustee claimed that since Atlantic's lien had been

perfected post-petition, the perfection should be set aside as a post-petition transfer in accordance with 11 U.S.C. § 549. Atlantic and Federal filed a cross-motion for summary judgment. The bankruptcy court denied the Trustee's motion and granted Atlantic's and Federal's motion. The district court affirmed. The Trustee now appeals and we, in turn, affirm the decision of the district court.

The facts are not in dispute. This appeal focuses on the district court's conclusions of law (which, in turn, reflect the conclusions of the bankruptcy court), which we review de novo. See General Trading, Inc. v. Yale Materials Handling Corp., 119 F.3d 1485, 1494 (11th Cir. 1997); In re Chase & Sanborn Corp., 904 F.2d 588, 593 (11th Cir. 1990).

Section 544 of the Bankruptcy Code authorizes a bankruptcy trustee to stand in the shoes of the debtor and exercise certain "strong-arm" powers. The purpose of § 544 is to arm the trustee with sufficient powers to gather in the property of the estate. Thus, the trustee is considered a bona fide purchaser of real property in the bankruptcy estate and may avoid obligations of the debtor that are voidable by such a purchaser. See 11 U.S.C. § 544(a)(3). He is also considered an ideal hypothetical lien creditor armed with a judgment and may contest the validity of certain liens. See 11 U.S.C. § 544(a)(1). However, as the Bankruptcy Code makes plain, the trustee's powers are necessarily limited to the actual or potential property

of the bankruptcy estate. The trustee's strong arm reaches only so far as to enable him to avoid "any transfer of property of the debtor or any obligation incurred by the debtor . . .". 11 U.S.C. § 544(a). See Bank of Marin v. England, 385 U.S. 99, 101, 87 S. Ct. 274, 17 L. Ed. 2d. 197 (1966) ("The trustee succeeds only to such rights as the bankrupt possessed; and the trustee is subject to all claims and defenses which might have been asserted against the bankrupt but for the filing of the petition."); In re Kemp, 52 F.3d 546, 553 (5th Cir. 1995) ("As a general rule, bankruptcy estates enjoy the same rights that the debtor held immediately prior to the filing of bankruptcy.").

In the present case, the assignment of the mortgage, once the original grant by the mortgagor to the mortgagee has been perfected, does not involve a "transfer of the property of the debtor" that would activate the Trustee's strong-arm powers under § 544. The Trustee is seeking to avoid the transfer of the perfected mortgage, in which the debtor has no interest. The transaction under scrutiny here does not involve the transfer of the debtor's real property, to which the mortgage attaches.

That the perfected mortgage is neither actually nor potentially the property of the debtor is confirmed by § 541(d) which provides that property in which the debtor holds only legal title and not an equitable interest (such as a mortgage) becomes property of the estate only to the extent of the debtor's interest. Section

4

541(d) gives as an example a mortgage secured by real property.  See 5 COLLIER

ON BANKRUPTCY (15th rev. ed.) (Lawrence P. King, ed. 1999) at ¶ 541.27

("[Section 541(a)(1)] reiterates the general principle that an interest that is limited

in the hands of the debtor is equally limited in the hands of the estate, and

therefore, where the debtor holds bare legal title without any equitable interest, the

estate acquires bare legal title without any equitable interest in the property.").  See

also NORTON BANKRUPTCY LAW & PRACTICE, 2d § 51:17 (1997) ("The purpose of

the section is to insure that secondary mortgage market sales as they are currently

structured are not subject to challenge by trustees in bankruptcy . . .").  Here, the

Trustee is attempting to challenge the secondary sales of the mortgage by the

original mortgagee (Republic) and its successors.  But the assignment of the

perfected mortgage –  from Republic to Farragut, from Farragut to Atlantic and,

finally, from Atlantic to Federal -- did not involve the transfer of any property

belonging to the debtor or to the debtor's estate.  In each instance, the assignment

was merely the transfer of one mortgagee's interest to a successor mortgagee.

Similarly, § 549 – on which the Trustee also relies – authorizes a trustee to

avoid certain post-petition transfers which are not authorized by the bankruptcy

court or by a court of appropriate jurisdiction.  But again, a trustee can only invoke

such powers "to avoid a transfer of the property of the estate" that occurs after the

commencement of the bankruptcy proceeding.  11 U.S.C. § 549.  In other words, the trustee can only exercise such avoidance powers to recover the debtor's interest in the property which subsequently becomes property of the estate.  The assignments at issue in the present case – specifically, between Farragut and Atlantic or between Atlantic and Federal –  did not involve a transfer of the debtor's interest in the real property or a transfer of property of the debtor's estate.

In addition to deciding that the Trustee was not authorized to act under §§ 544 and 549 of the Bankruptcy Code, the bankruptcy court rejected the Trustee's reliance on state law to defeat the rights of the appellees.  Fla. Stat. § 701.02 provides:

> (1) No assignment of a mortgage upon real property or of any interest therein, shall be good or effectual in law or equity against creditors or subsequent purchasers, for a valuable consideration, and without notice, unless the assignment is contained in a document which, in its title, indicates an assignment of mortgage and is recorded according to law.

The bankruptcy court held that Fla. Stat. § 701.02's  recording requirement is applicable only to  (and enforceable by) competing creditors or subsequent bona fide purchasers of the mortgagee, not by the mortgagor.  This construction was based in part on the court's reading of a related provision, Fla. Stat. § 679.03:

> If a secured party assigns a perfected security interest, no filing under this chapter is required in order to continue the perfected status of the security

interest against creditors of and transferees from the original debtor.[1]

We think this reading of the Fla. Stat. § 701.02 accords with common sense. The recording requirement is not intended to protect one claiming under a mortgagor – against whose property there is already a perfected mortgage -- with respect to subsequent assignments of the mortgage. The mortgagor has actual notice of the original mortgage, and anyone claiming under the mortgagor has constructive notice if the mortgage is recorded. From the point of view of the mortgagor or someone standing in his shoes, a subsequent assignment of the mortgagee's interest – whether recorded or not – does not change the nature of the interest of the mortgagor or someone claiming under him. Nor should a failure to record any subsequent assignment afford the mortgagor or the trustee standing in his shoes an opportunity to avoid the mortgage. See In re Troy, 490 F.2d 1061, 1064 (6th Cir. 1974) ("the Bankruptcy Trustee stands in the shoes of the Bankrupt . . . He is not

_____

[1]The bankruptcy court also relied on Bradley et al. v. Forbs et al., 116 Fla. 350, 156 So. 716 (1934) in which the Florida Supreme Court held that the predecessor of Fla. Stat. § 701.02 applied only to creditors or subsequent purchasers of a mortgagee. The Trustee asserts that Hulet v. Denison, 146 Fla. 478, 481-82, 1 So. 2d 467 (1941) represents an implicit retreat from this position. In Hulet, the Florida Supreme Court suggested in passing that a bona fide purchaser of the underlying property without notice could avail of the section. The Court did not mention Bradley and it is unclear whether it intended to disturb its previous holding. But, in any event, as the appellees point out, the key issue in Hulet was notice. Since, in the present case, the Trustee had constructive notice of a mortgage by whomever held, he cannot assume the status of a bona fide purchaser without notice. See also Smith v. F.D.I.C., 61 F.3d 1552 (11th Cir. 1995) (purchaser at foreclosure sale under second mortgage could not benefit from the protection of the Florida recording statute where he had notice of first mortgage).

an innocent holder for value, but takes title to property of the Bankrupt subject to all liens and equities."); In re Union Packing Co. of Omaha, 62 B.R. 96, 100 (D. Neb. 1986) ("The bankruptcy trustee has actual knowledge that there is an encumbrance of record. Just because he thinks the encumbrance cannot be enforced, does not give him the right to disregard it and does not place him in a priority position ahead of one who is the true holder of the encumbrance.").[2]

In the present case, it is undisputed that Republic properly recorded the mortgage and that no satisfaction of the mortgage has taken place. The debtor had actual knowledge – and the Trustee (at least) constructive knowledge – of the unsatisfied mortgage. While each subsequent assignment had a bearing on the rights of the mortgagees inter se, it did not affect the rights or interests of the debtor or the debtor's estate in the manner suggested by the Trustee. Thus, it is incorrect that by virtue of Atlantic's failure to record the assignment prior to the debtor's filing for bankruptcy protection, the Trustee was entitled to avoid the mortgage.

---

[2]The bankruptcy court declined to follow In re Lakeside I Corp., 120 B.R. 213 (M.D. Fla. 1990) in which another bankruptcy court held that knowledge of a mortgage did not bar the exercise of a trustee's strong-arm powers under § 544. The appellees contend that Lakeside is factually distinguishable from the present case, principally because the mortgage was not of record when the bankruptcy petition was filed. To the extent that Lakeside may stand – as the Trustee suggests – for the proposition that a trustee may rely on Fla. Stat. § 701.02 to prevail against improperly recorded assignments of a duly recorded mortgage, we endorse the decision of the bankruptcy court to steer a different course.

For the foregoing reasons, the decision of the district court affirming the orders of the bankruptcy court is AFFIRMED.