*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0284p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

In Re: KENNETH WAYNE COOK; MELISSA COOK,
                                        *Debtors.*

---

J. JAMES ROGAN,
                                        *Appellant,*

    *v.*

BANK ONE, NATIONAL ASSOCIATION,
                                        *Appellee.*

No. 05-6613

---

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 05-00002—Karl S. Forester, District Judge.

Argued: July 21, 2006

Decided and Filed: August 9, 2006

Before: GILMAN and COOK, Circuit Judges; DOWD, District Judge.[*]

---

## COUNSEL

**ARGUED:** J. James Rogan, Danville, Kentucky, for Appellant. Richard A. Vance, STITES & HARBISON, Louisville, Kentucky, for Appellee. **ON BRIEF:** J. James Rogan, Danville, Kentucky, for Appellant. Richard A. Vance, STITES & HARBISON, Louisville, Kentucky, for Appellee.

---

## OPINION

---

RONALD LEE GILMAN, Circuit Judge. J. James Rogan, as the trustee of Kenneth and Melissa Cook's bankruptcy estate, brought this action to assert his interest in real property that was mortgaged by the Cooks. He argues that Bank One, National Association, which claims to own the

---

[*] The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

mortgage, does not have a perfected security interest in the property that is superior to Rogan's interest as a judicial lien creditor. Both the bankruptcy court and the district court ruled against Rogan. The district court also affirmed the bankruptcy judge's holding that Bank One, in recording its interest as the assignee of the mortgage, did not violate the automatic stay of any proceedings against the Cooks after they filed for bankruptcy. For the reasons set forth below, we likewise **AFFIRM** the judgment of the bankruptcy court.

## I. BACKGROUND

### A.        The promissory note and the mortgage

In December of 2000, NCS Mortgage Lending Company (NCS) loaned the Cooks $100,000 to enable them to purchase a residence in Berea, Kentucky. An "Adjustable Rate Note" (the promissory note) and a mortgage were executed in connection with the loan. The mortgage was properly recorded in the Madison County Clerk's office.

In January of 2001, NCS assigned its interest in the promissory note and the mortgage to First Greensboro Home Equity, Inc., and this assignment was also duly recorded. The promissory note and the mortgage then became part of the secondary mortgage market. On the same day as First Greensboro acquired its interest in the documents, it executed an "Assignment of Note." Because the assignment did not include the name of the assignee, it is considered as an indorsement in blank. *See* Black's Law Dictionary 774 (6th ed. 1997) (defining a "blank indorsement" as an assignment made "without mention of the name of any person in whose favor the indorsement is made"). This assignment was not recorded until April of 2004, when an "Assignment of Mortgage" was filed in Madison County reflecting the assignment from First Greensboro to Lehman Brothers Bank.

Under the "ARC Trust Agreement" dated October 1, 2001, Lehman Brothers conveyed a large number of mortgage loans that it had acquired to Structured Asset Securities Corporation. These loans were then transferred to Bank One as trustee for the issuance of "Amortizing Residential Collateral Trust Mortgage Pass-Through Certificates." Gary Sleeper, as Bank One's agent, averred in an affidavit that the Cooks' original promissory note and the mortgage are in the possession of Bank One as part of the ARC Trust's documents.

The ARC Trust Agreement required that all mortgages assigned to Bank One be recorded. Although the Cooks' original mortgage is recorded, Bank One acknowledges in its brief that a mortgage assignment naming it as assignee was not recorded prior to the filing of the bankruptcy petition. In 2004, however, Bank One did record its interest in the mortgage.

### B.        Bankruptcy proceedings

The Cooks filed for bankruptcy on April 25, 2003 and listed Bank One as a secured creditor due to the home mortgage. Bank One then filed a proof of claim stating that the Cooks owed it $99,371 plus interest based on the promissory note that is secured by the NCS mortgage. Rogan, in his capacity as the bankruptcy trustee, filed an objection to the proof of claim, asserting that Bank One has not presented evidence showing the perfection of a security interest in its favor. The trustee argued that "the interest of the trustee as a judicial lien creditor . . . in the real property of Debtors was superior to the unperfected interest of Bank One." *See* 11 U.S.C. § 544(a)(1) (granting a bankruptcy trustee the status of a hypothetical lien creditor who is deemed to have perfected his interest as of the date of the filing of the bankruptcy petition).

In response, Bank One filed an amended proof of claim that changed the name of the owner of the security interest to "Bank One National Association, as Trustee for ARC 2001-BC6 Trust." Bank One also submitted (1) a copy of the original promissory note and NCS mortgage, (2) the

assignment from First Greensboro to Lehman Brothers, (3) an affidavit from Gary Sleeper, as Bank One's agent, stating that "the Cooks' note and mortgage were assigned to Bank One as trustee of the ARC 2001-BC6 Trust, on or about October 1, 2001," and (4) an "Assignment of Mortgage" from Lehman Brothers Bank to Bank One as Trustee for the ARC Trust.

Rogan then filed an adversary proceeding seeking a declaration that the interest of the trustee in the Cooks' property was superior to all other creditors. In September of 2004, Rogan obtained a default judgment that confirmed the trustee's priority over the interests of NCS, First Greensboro, and Lehman Brothers. Bank One, however, asserted its interest in the property, and Amanda Thompson, as counsel for Bank One, filed an affidavit with the bankruptcy court that stated in pertinent part as follows:

1.  I am employed as counsel to represent the interests of Bank One National Association, as Trustee for ARC 2001-BC6 Trust in this bankruptcy case.
2.  I am in possession of the original adjustable rate note executed by Kenneth and Melissa Cook on December 29, 2000.
3.  Attached is a true and accurate copy of this original note.

Both parties then moved for summary judgment, each claiming a superior interest in the Cooks' property. The bankruptcy court held that because "[c]ounsel for Bank One is in possession of the original note" (which the court considered to be "bearer paper" because it was indorsed in blank), "Bank One is a 'holder' and . . . *prima facie* entitled to enforce the note." In addition, the court held that the assignment of the promissory note to Lehman Brothers and then to Bank One, which were not recorded until after the Cooks filed for bankruptcy, did not violate the automatic stay because the "assignment of the mortgage loan between creditors was an assignment of the property of the creditors; it did not involve property of the bankruptcy estate."

The district court affirmed the judgment of the bankruptcy court, holding that (1) Bank One had physical possession of the promissory note, (2) this possession endowed Bank One with a perfected interest in the Cooks' property, and (3) Bank One did not violate the automatic stay placed on proceedings against the Cooks' property by recording its interest in the promissory note and the mortgage. Rogan timely appealed.

## II. ANALYSIS

### A.     Standard of review

"In a case which comes to us from the bankruptcy court by way of an appeal from a decision of a district court, we review directly the decision of the bankruptcy court." *Brady-Morris v. Schilling*, 303 F.3d 671, 676 (6th Cir. 2002). We give no deference to the district court's decision, but review the bankruptcy court's findings of fact under the clearly erroneous standard. *Id.* "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Simon v. Chase Manhattan Bank*, 250 F.3d 1020, 1027 (6th Cir. 2001) (citation and quotation marks omitted). Conclusions of law made by the bankruptcy court, however, including the decision to grant summary judgment, are reviewed de novo. *Brady-Morris*, 303 F.3d at 676.

Summary judgment is proper where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, courts must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

## B.      Perfection of a security interest under Kentucky law

The first issue on appeal is whether Bank One's interest in the promissory note and the mortgage is perfected and therefore superior to Rogan's interest as a judicial lien creditor. *See* Black's Law Dictionary 1137 (6th ed. 1997) (defining perfection as "the process whereby a security interest is protected, as far as the law permits, against competing claims to the collateral"). Pursuant to 11 U.S.C. § 544, a bankruptcy trustee is considered a bona fide purchaser of the debtor's real estate and may therefore avoid certain obligations placed on the property that are voidable under state law. *See Kovacs v. First Union Home Equity Bank*, 408 F.3d 291, 293 (6th Cir. 2005) (holding that a bankruptcy trustee was entitled to avoid mortgages that were not properly executed) (citing 11 U.S.C. § 544(a)(3)).

Kentucky law governs the question of whether Bank One has a perfected security interest in the promissory note that is superior to Rogan's interest as the bankruptcy trustee. *See Morehead v. State Farm Mut. Auto. Ins. Co.*, 249 F.3d 445, 447 (6th Cir. 2001) ("According to the Bankruptcy Code, a transfer is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee. A more precise definition of perfection is left to state law.") (citations and quotation marks omitted). State law is controlling because it determines the property rights of a bankruptcy estate and of the parties to the bankruptcy proceeding. *Corzin v. Fordu*, 201 F.3d 693, 700 (6th Cir. 1999) ("Although the issue of what property is properly included in the debtor's bankruptcy estate raises a federal question, it is well-settled that a debtor's property rights are created and defined by state law.") In addition, the trustee of a bankruptcy estate can have no greater right to the property in question than that held by the debtor prior to bankruptcy. *Foothill Capital Corp. v. Clare's Food Mkt., Inc.*, 113 F.3d 1091, 1099 (9th Cir. 1997) (holding that "[p]roperty that is held in trust by a debtor for another . . . is not property of the estate"). Bank One claims that its interest is superior to Rogan's under Kentucky law.

### 1.      Did Bank One have possession of the promissory note?

Under Kentucky law, when First Greensboro assigned its interest in the promissory note by means of the "blank indorsement," the interest became "payable to bearer and . . . negotiated by transfer of possession alone. . . ." Ky. Rev. Stat. Ann. § 355.3-205(2). Bank One therefore claims that its possession of the note, and its status as a bona fide purchaser for value, renders it a "bearer" that is able to enforce the note against the Cooks. *See* Ky. Rev. Stat. Ann. §§ 355.1-201(20), 355.3-301. Pursuant to Ky. Rev. Stat. Ann. § 355.9-330(4), "a purchaser of an instrument has priority over a secured interest in the instrument perfected by a method other than possession if the purchaser gives value and takes possession of the instrument in good faith and without knowledge that the purchase violates the rights of the secured party."

On appeal, Rogan contends that there are material facts in dispute as to whether Bank One actually possesses the promissory note on behalf of the ARC Trust. We respectfully disagree. First, the promissory note is self-authenticating evidence pursuant to Rule 902 of the Federal Rules of Evidence. *See* Fed. R. Evid. 902(9) (stating that extrinsic evidence is not required to demonstrate the authenticity of "[c]ommercial paper, signatures thereon, and documents relating thereto to the extent provided by general commercial law"). In addition, Thompson submitted an affidavit verifying that she possessed the original promissory note as counsel for Bank One. Rogan argues that Thompson is not an authorized agent of Bank One, but the Kentucky Supreme Court has held that the "relation of attorney and client embodies all the essential elements of principal and agent." *Spradlin v. Estate of Bill Collett*, No. 99-70918, 2001 Bankr. LEXIS 1064, at *10 (Bankr. E.D. Ky. Mar. 5, 2001) (quoting *Herfurth v. Horine*,, 98 S.W.2d 21, 23 (Ky. 1936)). Because Thompson is listed as Bank One's counsel of record, she had the authority to submit an affidavit as Bank One's agent. (Although Thompson's submission of the affidavit was not improper, we note that the better practice is for counsel to avoid filing affidavits on behalf of clients. *See* Ky. State. Sup. Ct. Rule

3.130, Rule of Professional Conduct 3.130 (3.7) (prohibiting attorneys from appearing as witnesses at trial due to concerns over conflicts of interest).)

Rogan also contends, for the first time on appeal, that Thompson's affidavit was not based on personal knowledge, that the affidavit was not properly sworn to before a notary public, and that Bank One did not purchase the promissory note and the mortgage for value. These arguments are meritless as well as waived. *See United States v. Ninety-Three Firearms,* 330 F.3d 414, 424 (6th Cir. 2003) ("This court has repeatedly held that it will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice.") (citation and quotation marks omitted). In addition, Sleeper's affidavit is sufficient evidence for us to affirm the bankruptcy court's finding that Bank One lawfully possesses the promissory note. The ARC Trust Agreement further demonstrates that Bank One purchased the note and the mortgage for value.

> 2.        *Was Bank One required to record its interest in the promissory note and the mortgage?*

Bank One was not required to record its interest in the promissory note and the mortgage because, according to the bankruptcy court, the recording of the original mortgage to NCS was "constructive notice that a mortgage lien existed against the Cooks' real property." As a result, Bank One's failure to record the assignment of the mortgage prior to the bankruptcy proceedings "did not affect the perfection of the lien as against the mortgagors and those claiming through them." *See, e.g.*, *Federal Nat'l Mortgage Assoc. v. Kuipers*, 732 N.E.2d 723, 726 (Ill. App. Ct. 2000) (holding that the assignee of a mortgage was not required to record the assignment because the assignee "stood in the shoes" of the mortgage company, which had recorded its interest); *Obuchowski v. Associates Nat'l Mortgage Assn.*, 186 B.R. 830, 833 (Bankr. D. Vt. 1995) (holding that a bankruptcy trustee could not avoid a mortgage lien based on the fact that the mortgage assignment was unrecorded, because the recording of the original mortgage gave the trustee constructive notice).

On appeal, Rogan argues that the ARC Trust Agreement required the mortgage assignment to be recorded, even if Kentucky law did not. The bankruptcy court found the ARC Trust Agreement to be immaterial "because neither the debtors nor the Trustee are parties to the Trust Agreement, nor were they even aware of it before this action. They lack standing to enforce it; they cannot claim to have relied on it." We agree.

Kentucky law does not require that Bank One's interest in the mortgage be recorded in order to be perfected. The ARC Trust's contractual requirements do not render the transfer of the mortgage interest from Lehman Brothers to Bank One voidable; they instead affect only the relationship between the holders of the ARC Trust's certificates and Bank One. *See* 11 U.S.C. § 544 (enumerating transfers and obligations that are voidable by the bankruptcy trustee); *see also Wayne Film Systems Corp. v. Film Recovery Systems Corp.*, 64 B.R. 45, 51 (N.D. Ill. 1986) ("When a trustee is not claiming that property in the hands of a third party belongs to the bankrupt, or that a voidable transfer of the bankrupt's property to a third party occurred, the trustee has no standing to pursue a claim against the third party . . . .") Bank One's failure to record its mortgage interest prior to the filing of the bankruptcy petition therefore has no effect on its ability to enforce the mortgage against Rogan.

> 3.        *Did Bank One violate the automatic stay?*

Rogan's final argument is that the attempt by Bank One to perfect its interest in the mortgage after the filing of the bankruptcy petition violated the automatic stay placed on all actions against the Cooks' property. This argument was rejected by both the bankruptcy court and the district court. Both courts cited the case of *Kapilla v. Atlantic Mortgage & Investment Corp.*, 184 F.3d 1335, 1337

(11th Cir. 1999), which held that the owner of a mortgage interest may transfer its interest after the mortgagor files for bankruptcy. The court in *Kapilla* reasoned that a property owner holds only legal title—and not an equitable interest—in the property that has been mortgaged. *Id.* It cited various provisions of the Bankruptcy Code for the proposition that a bankruptcy trustee cannot avoid post-bankruptcy transfers of the mortgage interest because "the perfected mortgage is neither actually nor potentially the property of the debtor." *Id.*

We agree with the Eleventh Circuit's analysis and affirm the bankruptcy court's holding that Bank One did not violate the automatic stay. Bank One did not transfer or attempt to perfect *legal title* to the Cooks' property, but recorded only the bank's *equitable interest* in the property, which does not belong to the debtors.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the bankruptcy court.