*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-19(c).*

**File No: 14b0002n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: RICKY J. DORSEY, SR.; KAREN A. DORSEY, | ) | |
| | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| J. JAMES ROGAN, TRUSTEE, | ) | |
| | ) | No. 13-8036 |
| Plaintiff - Appellee, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VANDERBILT MORTGAGE AND FINANCE, INC., | ) | |
| | ) | |
| Defendant - Appellant. | ) | |
| _____ | | |

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky at Frankfort.
Nos. 11-30829; 12-3010.

SUBMITTED: February 4, 2014

Decided and Filed: March 7, 2014

Before: EMERSON, LLOYD and OPPERMAN, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

ON BRIEF: John P. Brice, WYATT, TARRANT & COMBS, LLP, Lexington, Kentucky, for Appellant. J. James Rogan, J. JAMES ROGAN, P.S.C., Danville, Kentucky, for Appellee.

_____

# OPINION

_____

**GEORGE W. EMERSON**, Bankruptcy Appellate Panel Judge. Appellant Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt") appeals from the bankruptcy court's memorandum opinion and order granting summary judgment to the trustee, denying summary judgment as to Vanderbilt, and finding that the note held by Vanderbilt, secured by a properly perfected mortgage on the Debtors' real property, was not enforceable as of the date the Debtors filed their petition. As such, the bankruptcy court found that Vanderbilt could not enforce the mortgage and authorized J. James Rogan, Chapter 7 Trustee ("Trustee"), to sell the real property free of all interests.

## I. ISSUES ON APPEAL

1.  Whether the bankruptcy court erred in determining that Appellant had failed to present sufficient proof that it was entitled to enforce the note executed by the Debtors in favor of Popular Financial Services, LLC.

2.  Whether the bankruptcy court erred in determining that because the Note was unenforceable by Appellant, the mortgage which secured the note was also unenforceable.[1]

For the following reasons, the Panel affirms the bankruptcy court's memorandum opinion and order granting summary judgment in favor of the Trustee.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the

---

[1] In its brief, Vanderbilt offered several other issues which were not addressed in the bankruptcy court's memorandum opinion (i.e. whether Vanderbilt had standing to file a secured proof of claim and whether Vanderbilt's secured claim in the main case should be allowed). While dependent on the outcome of this appeal, these issues were not addressed by the bankruptcy court. The sale of the property has now taken place. The bankruptcy court stated, "Allocation of the sale proceeds will occur through the sale process in the main case." Mem. Op. at 16, Adv. Proc. No. 12-3010, ECF No. 33.

Panel, and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1).

A grant of summary judgment is a conclusion of law, reviewed *de novo*. *Medical Mut. of Ohio v. K. Amalia Enters., Inc.*, 548 F.3d 383, 389 (6th Cir. 2008). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (citations omitted). Under a *de novo* standard of review, the reviewing court decides the issue independently of, and without deference to, the trial court's determination. *Menninger v. Accredited Home Lenders* (*In re Morgeson*), 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007).

### III. FACTS

Debtors Ricky J. Dorsey, Sr. and Karen A. Dorsey ("Debtors"), filed a Chapter 7 petition on December 19, 2011. On Schedule A, the Debtors listed real property consisting of a "home and property located at 1711 Fairmont Rd., Anderson County, KY consisting of mobile home permanently affixed to property." The Debtors listed the property with a value of $60,000 and the amount of the secured claim relating to the property as "100,000.00." On Schedule C, the Debtors claimed an exemption in the real property of "0.00." On Schedule D, the Debtors listed a secured claim with Vanderbilt Mortgage. The Debtors also stated that it was their intention to reaffirm the debt with Vanderbilt Mortgage which secured the home and property.

On July 20, 2012, Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt") filed a motion to terminate the stay in the Debtors' case. Attached to the motion was a note executed by the Debtors, promising to pay $108,000.00 to Popular Financial Services, LLC in equal monthly payments of $935.83, consisting of principal and interest at a yearly rate of 9.85% per annum (the "Note"). The Note was payable over thirty years. Also attached to the motion was a mortgage listing Popular Financial Services, LLC as the lender, with Mortgage Electronic Services, Inc., ("MERS") listed solely as acting nominee for lender and lender's successors and assigns, and mortgagee under the mortgage (the "Mortgage"). Mot. to Term. Auto. Stay, Bankr. Case No. 11-30829, ECF No. 21.

On August 1, 2012, the Trustee filed an objection to the motion, alleging that the Note attached to the motion, and also attached to Vanderbilt's proof of claim, did not contain an

indorsement in blank or an indorsement to Vanderbilt. The Trustee asserted that without being properly indorsed, Vanderbilt had no right to payment of the Note. The Trustee asserted that he maintained a superior interest in the Note, over Vanderbilt's interest, as of the date of the filing of the Debtors' petition. Finally, the Trustee asserted that because Vanderbilt could not enforce the Note, the Mortgage was not valid and enforceable, citing, *Rogan v. Litton Loan Servicing, L.P.* (*In re Collins*), 456 B.R. 284, 294 (B.A.P. 6th Cir. 2011).

Vanderbilt and the Trustee entered into an agreed order allowing the Trustee to file an adversary proceeding or face having Vanderbilt's motion sustained. The Trustee filed a complaint against Vanderbilt, Mortgage Electronic Registration Systems, Inc. ("MERS"), and Popular Financial Services, LLC, pursuant to 11 U.S.C. §§ 544 and 551, seeking a declaratory judgment that the defendants could not enforce payment of the indebtedness secured by the Mortgage, that the Mortgage was unenforceable, and that the defendants did not hold a perfected security interest in the Debtors' real property. The Trustee also sought a declaratory judgment that he held a superior interest than that of the defendants and that the defendants' unperfected interests were avoidable by the Trustee and could be preserved for the bankruptcy estate. Finally, the Trustee requested the bankruptcy court's authorization to sell the Debtors' real property free of all interests with priority attaching to the sale proceeds as ordered by the bankruptcy court.

On October 19, 2012, Vanderbilt filed its answer. Neither MERS nor Popular Financial Services, LLC answered the Trustee's complaint. The Trustee subsequently filed motions for default judgment against MERS and Popular Financial Services, LLC and on February 26, 2013, orders granting the Trustee's motions for default judgment were entered against MERS and Popular Financial Services, LLC. The orders granting the motions for default judgment were not appealed.

On February 8, 2013, Vanderbilt and the Trustee filed a joint stipulation containing the following facts:

1. This is a core proceeding under 28 U.S.C. 157; this court has jurisdiction over the subject matter of this adversary proceeding, and venue is proper.

2. This proceeding is related to the bankruptcy case, In Re Ricky J. Dorsey, Sr., and Karen A. Dorsey, Case No. 11-30829, filed December 19, 2011, and presently pending in the United States

Bankruptcy Court for the Eastern District of Kentucky, Frankfort Division, Lexington, Kentucky.

3.   Plaintiff J. James Rogan is the duly appointed Chapter 7 Trustee for the bankruptcy estate of Ricky J. Dorsey, Sr., and Karen A. Dorsey, Case No. 11-30829.

4.   That by deed of conveyance dated January 3, 2002, and recorded in Deed Book 197, Page 362-364, Anderson County Clerk's Office, Debtors Ricky J. Dorsey, Sr. and Karen A. Dorsey (hereinafter "Debtors") purchased 18.7709 acres on 1711 Fairmont Road, (Kentucky Highway 3357), Lawrenceburg, Kentucky 40342, for the sum of $28,795.57.

5.   That on or about October 14, 2007, Debtors executed an "Affidavit of Conversion to Real Estate," to convert a 2002 Clayton, Brookda mobile home to real estate and surrendered the Kentucky Certificate of Title to the mobile home as found of record in Miscellaneous Book 3, Page 37 & 38, Anderson County Clerk's Office.

6.   That on October 13, 2006, Debtors executed a note payable to Popular Financial Services, LLC, in the principal amount of $108,000.

7.   That on or about October 13, 2006, Debtors executed a mortgage to Mortgage Electronic Registration Systems, Inc. (Hereinafter "MERS") acting solely as a nominee for Lender, Popular Financial Services, LLC, to secure repayment of the October 13, 2006 note from Debtors to Popular Financial Services, Inc.,[2] in the principal amount of $108,000, on real property located at 1711 Fairmont Road, Lawrenceburg, Kentucky, 40342.

8.   That the October 13, 2006 mortgage was filed in the Anderson County Clerk's Office on October 24, 2006, in Mortgage Book 369, Pages 288 to 303.

9.   That MERS, as nominee for Popular Financial Services, LLC, its successors and assigns, assigned and transferred to VMF all its right, title and interest in and to the mortgage dated October 13, 2006, executed by Debtors.[3]

---

[2] This stipulation appears to have mistakenly referred to the Note as being from the Debtors to *Popular Financial Services, Inc.* The Note clearly evidences a promise to pay from the Debtors to *Popular Financial Services, LLC*. The Mortgage also refers to *Popular Financial Services, LLC* as the "Lender."

[3] Vanderbilt is referred to as "VMF" in the joint stipulations. We will continue to reference "Vanderbilt" in order to be consistent with the bankruptcy court's opinion.

10. That on July 20, 2012, VMF filed proof of claim no. 15-1, in the amount of $116,193.69, plus interest of 9.85% per annum, based on the October 13, 2006 note and the October 13, 2006 mortgage.

11. The October 13, 2006 note does not contain an indorsement from Popular Financial Services, LLC to VMF.[4]

12. That by a certain Purchase and Sale Agreement between Equity One, Inc. as (Seller), Popular, Inc. as (Parent); Popular Mortgage Service, Inc., as (Servicer) and VMF as (Buyer), VMF purchased all of Seller's right, title and interest in certain retail installment sales contracts and installment loan agreements secured by first priority liens on manufactured homes or a first priority lien on real property on which the manufactured homes are situated.

13. Attached to the Purchase and Sale Agreement in possession of VMF is a schedule that lists the contract of Debtors, dated October 13, 2006.

14. That Popular Financial Services, LLC is not a named party to the Purchase and Sale Agreement.

15. That VMF was in possession of the original note executed by Debtors, dated October 13, 2006, on the December 19, 2011, petition date.

J. Stip., Adv. Proc. No. 12-3010, ECF No. 17 (references to exhibits removed).

The attachments to the joint stipulation included a Note payable to Popular Financial Services, LLC, a Mortgage executed in favor of MERS as mortgagee and nominee for Popular Financial Services, LLC, an Assignment of Mortgage from MERS to Vanderbilt, and a few pages of a Purchase and Sale Agreement between and among "Equity One, Inc.," "Popular, Inc.," "Popular Mortgage Servicing, Inc.," and Vanderbilt. (Popular Financial Services, LLC was not referenced in and was not a party to the Purchase and Sale Agreement.)

The Trustee and Vanderbilt filed competing motions for summary judgment and arguments were heard on March 21, 2013. On May 6, 2013, the bankruptcy court issued its memorandum

---

[4] The Note does not contain any indorsements whatsoever. At the time of the filing, there was not a separate allonge which would have completed the chain of indorsements. On July 17, 2013, (well after the bankruptcy court issued its opinion) Vanderbilt filed an amended proof of claim which included two undated allonges that indorsed the Note from Popular Financial Services, LLC to Equity One, Inc. and from Equity One, Inc. to Vanderbilt. Claim 15-2, Ex. D, Bankr. Case No. 11-30829. Because lien interests, as between the Trustee and other creditors are decided as of commencement of the case pursuant to 11 U.S.C. § 544, the attachments to the amended proof of claim, which purport to complete the chain of indorsements, have no effect on the Panel's decision.

opinion and order granting summary judgment in favor of the Trustee and denying Vanderbilt's motion for summary judgment. Vanderbilt subsequently filed a motion to alter, amend, or vacate the judgment, which the Trustee opposed. The bankruptcy court denied Vanderbilt's motion to alter, amend or vacate on July 1, 2013.

On October 2, 2013, the Trustee filed a motion to sell the Debtors' real property free and clear of liens and on October 18, 2013, the bankruptcy court docketed an order granting the motion and authorizing the sale of the real property with any liens or encumbrances attaching to the proceeds which the Trustee was holding pending further orders from the bankruptcy court. On December 5, 2013, the Trustee filed an auctioneers report with the bankruptcy court which reflected that the property had been sold on November 30, 2013, for $79,200.00.

## IV.   DISCUSSION

Here, as in *Rogan v. Litton Loan Servicing, L.P. et al (In re Collins)*, "'Kentucky law governs the question of whether [the creditor] has a perfected security interest in the promissory note that is superior to the bankruptcy trustee.' *Cook*, 457 F.3d at 566. Under Kentucky law, a 'lien creditor' includes a 'trustee in bankruptcy.' Ky. Rev. Stat. Ann. § 355.9-102(1)(az)(3)." 456 B.R. 284, 293 (B.A.P 6th Cir. 2011) (quoting *Rogan v. Bank One, N.A. (In re Cook)*, 457 F.3d 561, 566 (6th Cir. 2006)).

> Ky. Rev. Stat. Ann. § 355.1-201 (u) provides in pertinent part:
>
> "Holder" means:
>
> (1) The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession;
>
> (2) The person in possession of a document of title if the goods are deliverable either to bearer or to the order of the person in possession[.]
>
> Ky. Rev. Stat. Ann. § 355.3-201 provides:
>
> (1) "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.

(2) Except for negotiation by remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.

Ky. Rev. Stat. Ann. § 355.3-203 provides in pertinent part:

(1) An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.

(2) Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any rights as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument.

(3) Unless otherwise agreed, if an instrument is transferred for value and the transferee does not become a holder because of lack of indorsement by the transferor, the transferee has a specifically enforceable right to the unqualified indorsement of the transferor, but negotiation of the instrument does not occur until the indorsement is made[.]

Ky. Rev. Stat. Ann. § 355.3-301 provides:

"Person entitled to enforce" an instrument means:

(1) The holder of the instrument;

(2) A nonholder in possession of the instrument who has the rights of a holder; or

(3) A person in possession of the instrument who is entitled to enforce the instrument pursuant to Ky. Rev. Stat. Ann.§ 355.3-309 [enforcement of lost, destroyed, or stole instruments] or Ky. Rev. Stat. Ann. § 355.3-418(4)[payment or acceptance by mistake]. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

While admitting that the Note did not contain the proper indorsements, Vanderbilt asserts that Ky. Rev. Stat. Ann. § 355.3-203 vested Vanderbilt with the rights of a "holder" when Vanderbilt gained possession of the Note as a transferee. In support of its motion for summary judgment,

Vanderbilt asserted two legal theories which would allow the court to find that a "transfer" took place which would satisfy Ky Rev. Stat. Ann. § 355.3-203: (1) that the Assignment of the Mortgage could be a transfer; or (2) that the Purchase and Sale Agreement could be a transfer.

The Purchase and Sale Agreement is not a "transfer" because it was not executed by the original Lender under the Note (who therefore cannot serve as the "transferor" to Vanderbilt) and no proof regarding the purpose of the transfer is evident from reviewing the document.[5]

Vanderbilt also argues that possession of the Note is sufficient for the Court to find that a transfer took place because the Mortgage Assignment supplies sufficient evidence that the parties' intent was for Vanderbilt to be able to enforce the Note. The Mortgage Assignment, attached to the parties Joint Stipulations, also contains no language which would tend to show that its purpose was for enforcement of the Note. The Mortgage Assignment fails to refer to the Note at all. Without proper indorsement and without proof of the rights of the transferor which would enure to the transferee, Vanderbilt failed to provide the Court with sufficient proof that Ky. Rev. Stat. Ann. § 355.3-203 applied.

Vanderbilt attempts to characterize the adversary proceeding as in reality an objection to claim instead of an avoidance action. The difference between the two is a matter of timing. As the panel discussed in *Collins*, 456 B.R. 284 (B.A.P. 6th Cir. 2011), objections to a proof of claim would address issues regarding a post-petition chain of title. However, a § 544 claim should be filed to address the Trustee's power as a hypothetical judicial lien creditor *on the date of filing. Id*. at 296. The complaint filed by the Trustee here is consistent with the *Collins* opinion.

---

[5] U.C.C. Article 9 applies to the sale of promissory notes and effectively governs the transfer of ownership interests in promissory notes. As such, the provisions of U.C.C. Article 9 would govern whether the Purchase and Sale Agreement in this case effectively transferred ownership of the Note from Popular Financial Services, LLC to Vanderbilt. While ownership may not be relevant to determine who is entitled to receive payment under a note, it may be evidence of a "transfer" sufficient to prove that the purpose of giving the recipient the Note was also to give the recipient the right to enforce the instrument in accordance with U.C.C. § 3-203(a). James M. Davis, *Paper Weight: Problems in the Documentation and Enforcement of Transferred Mortgage Loans, and a Proposal for an Electronic Solution,* 87 AM. BANKR. L.J. 305, 323 n.83 (2013).

Because Popular Financial Services, LLC (the original "owner" of the Note) was not a party to the Purchase and Sale Agreement, and there was no evidence of a transfer from Popular Financial Services, LLC to any other party to the Purchase and Sale Agreement, it does not provide evidence of Vanderbilt's ownership or a proper "transfer" to Vanderbilt.

The *Collins* case also involved Kentucky law and examined the implications of a mortgage creditor's failure to prove it properly held the note which the mortgage purports to secure. "Under Kentucky law, without evidence of debt, there is no valid, enforceable mortgage. A mortgage may be enforced only by a person who is entitled to enforce the obligation the mortgage secures. A mortgage is merely incident to the debt or obligation it is given to secure." *Id.* at 294. (internal citations and quotations omitted). While never deciding the ultimate issue, the panel in *Collins* stated,

> The trustee's allegation, although perhaps inarticulate, is that GMAC Mortgage is not the holder of the note and cannot produce evidence of the debt. Therefore, assuming that the facts alleged by the trustee are true, as is required when considering a Rule 12(b)(6) motion, the trustee's complaint states a plausible claim for relief against GMAC Mortgage, and we must conclude that the bankruptcy court erred in dismissing it under Rule 12(b)(6). If the trustee is able to prove the facts alleged in his complaint, then as a judicial lien creditor, the trustee would have priority over a creditor who is unable to prove an enforceable mortgage on the date of filing.

*Id.* at 295-96.

Vanderbilt also asserts that the Debtors' schedules, which list Vanderbilt as a secured party on Schedule D, provide evidence that Vanderbilt is a creditor of the Debtors' and was intended to have the right to enforce payment of the Note. As the Ninth Circuit B.A.P. aptly stated, by listing a creditor on their schedules, there are many conclusions that could be drawn instead of Vanderbilt's status as secured creditor. "In addition to the conclusion that [creditor] advances, they might also tend to show: (1) that [creditor] was the current loan servicer but not a 'person entitled to enforce' the Note, (2) that [creditor] was the holder of the Note, (3) that [creditor] was the only entity currently dunning the [Debtors] for payment on the Note, or (4) that someone had hijacked the payment stream, and up until the claims objection, the [debtors] had been duped." *Veal v. Am. Home Mortg. Servicing (In re Veal)*, 450 B.R. 897, 921 (B.A.P. 9th Cir. 2011). The Debtors' schedules, without more, do not bolster Vanderbilt's arguments.

Vanderbilt argues that the separate promise to pay contained in the Mortgage constitutes a separate enforceable contract which supports Vanderbilt's right to collect on the Note. Vanderbilt goes on to cite several Kentucky cases for the proposition that Vanderbilt could collect on the Mortgage alone based on the language contained therein which contains some, but not all, of the terms of the Note. Those cases actually stand for the proposition that a mortgage and note can be

collapsed into the same document if the intent of the parties in executing the mortgage was actually to evidence a contract to pay money instead of only being intended to provide security for a debt.

There was no proof presented to the bankruptcy court that the Mortgage could also serve as a Note, which is essentially Vanderbilt's argument.[6] In its order denying the motion to alter or amend, the bankruptcy court did not specifically address the "promise to pay" allegedly contained in the Mortgage which would effectively render it separately enforceable. Vanderbilt alleged that, "Vanderbilt, as MERS' assignee, has the ability to enforce the Mortgage through foreclosure to collect the promise to pay contained in the Mortgage itself." Appellant's Br. at 23. The bankruptcy court addressed the issue by noting that even if the court allowed Vanderbilt to enforce the Mortgage, the distribution of the proceeds of the sale of the real property would be governed by the Note (which did not contain proper indorsements). Furthermore, Vanderbilt, if nominee and mortgagee under the Mortgage, must take instruction from the Lender. As the court noted, Popular Financial Services, LLC, the Lender under the Mortgage, has not appeared (nor has MERS) and Vanderbilt is not the Lender and no other evidence was shown to the bankruptcy court as to which or what entity supplied Vanderbilt with instructions to enforce the Mortgage.[7] Order Den. Mot. at 5, Adv. Proc. No. 12-03010, ECF No. 41. Vanderbilt's argument that the Mortgage Assignment effected a "transfer" fails for the same reasons.

This particular Trustee has generated many reported cases by filing complaints such as this one. This Trustee has also lost many cases very similar to this one, where competing motions for summary judgment were filed, and the Trustee argued the mortgage at issue was not enforceable due to an accompanying note that was not properly indorsed. In many of those cases, the creditor defeated the Trustee's claims by providing the bankruptcy court with proof, via affidavit or otherwise, that the note had been properly indorsed and was therefore in proper possession of a holder entitled to enforce it. *See Rogan v. Bank One, N.A.* (*In re Cook*)*,* 457 F.3d 561 (6th Cir.

---

[6] This legal theory was advanced for the first time in Vanderbilt's motion to alter, amend, or vacate, which the bankruptcy court denied. The denial of a motion to alter or amend which attempts to demonstrate a new legal theory is a fitting use of the discretion of the trial court. *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 123 n.6 (6th Cir. 1982)(citations omitted).

[7] The default judgments entered against MERS and Popular Financial Services, LLC state that the Trustee, "as a judicial lien creditor, has priority over the interest, if any, of Defendant[s]... in the real estate described in the complaint." Default Js., Adv. Proc. No. 12-3010. ECF Nos. 20, 21.

2006); *Rogan v. Citimortgage, Inc.*, (*In re Jessup*), Bankr. No, 09-50922, Adv. No. 09-5229, 2010 WL 2926050 (Bankr. E.D. Ky. July 22, 2010); *Rogan v. Mila, Inc.* (*In re Allen*), Bankr. No. 08-51728, Adv. No. 09-5007, 2010 WL 3168094 (Bankr. E.D. Ky. Aug. 11, 2010).  In the case before the Panel, it appears that the chain of title of the Note was not properly proved and therefore the party entitled to enforce the Note is not the Appellant.  As neither a holder of the Note nor a non-holder with the rights of a holder, Vanderbilt cannot enforce the Note.  Because "a mortgage is valid and enforceable only if the underlying debt continues to be an enforceable obligation," the Mortgage is no longer enforceable under Kentucky law.  *Collins*, 456 B.R. at 293 (citation omitted).

## V.   CONCLUSION

For the foregoing reasons, the Panel affirms the order of the bankruptcy court granting summary judgment to the Trustee.